Per Curiam.

Defendant moves to proceed in this appeal “ on the original record ”. The application would, in its effect, avoid the requirements of rule II (22 NYCRR 500.2) of the new rules of the court effective February 1, 1969 which require appellant either to file 20 copies of the record on appeal or one copy of the record and 20 copies of an appendix (rule IV [22 NYCRR 500.4]).
In its effect, too, the application would avoid the specific requirements of rule I (22 NYCRR 500.1) as to the form in which a typewritten record is to be furnished.
What the appendix must show is specified. In addition to those prescribed matters which must be included, e.g., the opinion, the charge to the jury, etc., how much material is to be made part of the appendix depends on the judgment of counsel addressed to the needs of the case. The court’s burden of examining cases on appeal without the critical material reproduced in an appendix and often presented in loose, undifferentiated files, has become so great as to impede consideration of criminal cases.
*45 Additionally, failure to reproduce essential material in an appendix curtails the effectiveness of legal research after the case is decided, since only the brief s and no part of the record are available in law libraries. The rules require, too, that the single copy of the record be arranged in proper form for use of the court and for later filing in the State Law Library (rules I, VII [22 NYCRR 500.1, 500.7]), and this requirement must be followed in criminal as well as civil cases (rule VIII [22 NYCRR 500.8]).
The statute is explicit in requiring the stenographer to prepare and file with the clerk of the trial court two copies of the transcript, one of which must be furnished without charge by the clerk on order of the court to the attorney for an indigent defendant when an appeal has been taken (Code Crim. Pro., § 456).
This copy of the transcript, with the added papers required to complete the record on appeal, bound or stapled, numbered and indexed as provided by rule I (22 NYCRR 500.1), will satisfy the court’s requirements for the record on appeal. Since, the additional papers must, in any event, be reproduced for the appendix, no undue cost or hardship is seen in their mechanical incorporation in the record on appeal.
The additional expense in conforming with the rules should be borne by such public agencies as have been responsible for representation of indigent defendants by counsel and which heretofore furnished the briefs (rule VIII [22 NYCRR 500.8]).
The court will hear such counsel and agencies, if they are .so advised, at a time to be fixed on application to the Chief Judge, on methods and procedures to conform with the rules in criminal cases.
The motion to prosecute the appeal “ on the original record ” should be granted to the extent only that the papers to be furnished conform with the rules of the court and the motion to assign counsel and for an enlargement of time should be granted.
Motion to waive strict compliance with certain requirements concerning the record on appeal herein granted to the extent that the appeal may be prosecuted upon the original record indexed and paged (rule I) in lieu of the copy of the record *46 required by rule II, upon compliance with, all other provisions of the Rules of the Court of Appeals.
Motion for assignment of counsel granted.
Motion for enlargement of time granted.